IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SEVIER COUNTY, UTAH and STATE OF UTAH<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*<br><br>Proposed Intervenor-Defendants | Case No. 2:12-CV-452 |
| WASHINGTON COUNTY, UTAH and STATE OF UTAH<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*<br><br>Proposed Intervenor-Defendants | Case No. 2:12-cv-471 |

| | |
|---|---|
| GARFIELD COUNTY(1), UTAH and STATE OF UTAH<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*<br><br>Proposed Intervenor-Defendants | Case No. 2:11-cv-1045 |
| GARFIELD COUNTY(2), UTAH and STATE OF UTAH<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*<br><br>Proposed Intervenor-Defendants | Case No. 2:12-cv-478 |

| | |
|---|---|
| UINTAH COUNTY, UTAH and STATE OF UTAH<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*<br><br>Proposed Intervenor-Defendants | Case No. 2:12 cv-461 |
| WAYNE COUNTY, UTAH and STATE OF UTAH<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*<br><br>Proposed Intervenor-Defendants | Case No. 2:12-cv-434 |

## INTRODUCTION

The State of Utah and various counties have filed suit against the United States seeking to quiet title to thousands of roads that cross lands owned by the United States (the "Road Cases"). The State and counties assert the roads are public highways under R.S. 2477 and that they own a non-possessory right-of-way. Although the cases have not been consolidated, a pretrial management order has been entered in most of the cases to allow certain issues to be addressed collectively.

Currently pending before the court are motions to intervene in six of the Road Cases. The proposed intervenors are the Southern Utah Wilderness Alliance, the Sierra Club, The Wilderness Society, the National Parks Conservation Association, and the Grand Canyon Trust (collectively, "SUWA"). SUWA moves to intervene as of right or, in the alternative, permissively. The court denies SUWA's motions to intervene as of right. The court grants SUWA's motions to intervene permissively, but places limitations on SUWA's involvement to ensure manageability of these cases.

## ANALYSIS

### I. INTERVENTION AS OF RIGHT

Rule 24 of the Federal Rules of Civil Procedure requires a court to allow intervention when the person timely moves to intervene and meets the following additional requirements:

> [1] claims an interest relating to the property or transaction that is the subject of the action, and [2] is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless [3] existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2) (2012). The parties do not dispute that SUWA has timely moved to intervene. SUWA therefore bears the burden of showing it has the requisite interest in the property,

that its interest may be impaired by the action, and that the United States will not adequately represent its interest. *Kane County v. United States*, 597 F.3d 1129, 1133 (10th Cir. 2010).

**A. Interest in the Property**

SUWA asserts that if the State or counties are granted title under R.S. 2477 to the alleged public highways, they will open roads that are currently closed in wilderness study areas, national parks, and a national monument. Because SUWA is deeply committed to protecting lands with wilderness characteristics, and has sought road closures to preserve such areas, SUWA contends its interests will be impaired should title be quieted in favor of the State or counties. Accordingly, it seeks to intervene to protect these interests.

As discussed in *Kane County v. United States*, No. 2:08-cv-315, 2009 U.S. Dist. LEXIS 29357 (D. Utah Apr. 6, 2009), the only issue in the Road Cases is whether the State or counties "hold[] title to the roads at issue." *Id.* at *5. How adjacent lands are managed and whether the roads will be open or closed are not relevant issues in a quiet title action. *Id.* Thus, while SUWA has an interest in the outcome of the proceedings, its interest is not a "legal interest" in the property such that it could bring or maintain a quiet title action. *Id.* at *5 6. That said, for purposes of this order, the court will follow the lead of the Tenth Circuit in *Kane County* where it assumed, without deciding, "that SUWA has a valid interest in these quiet title proceedings." *Kane County*, 597 F.3d at 1135.

**B. Adequacy of Representation**

"Even if an applicant satisfies the other requirements of *Rule 24(a)(2)*, it is not entitled to intervene if its "interest is adequately represented by existing parties." *Kane County*, 597 F.3d at

1135 (quotations and citations omitted). Consequently, SUWA must show the United States "cannot represent its interest adequately." *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) (hereinafter *Ozarks*). "The possibility that the interest of the applicant and the parties may diverge need not be great" to show that representation may be inadequate. *Utah Ass'n of Counties v. Clinton*, 255 F.3 1246, 1254 (10th Cir. 2001) (quotations and citations omitted). In this case, SUWA contends (1) its past adversarial relationship with the BLM shows it will not adequately represent SUWA's interests, and (2) SUWA has a more narrow and deeper interest in conservation than the United States because the government has competing federal interests. It further contends it has more specialized knowledge and greater resources to pursue discovery of relevant information.

*1. Past Adversarial Relationship*

SUWA has provided extensive briefing regarding its adversarial relationship with the BLM. In previous cases, it has done the same. The Tenth Circuit has stated, however, "SUWA's disagreement with the United States' land management decision in the past does not demonstrate that the United States is an inadequate representative in this title dispute, which is ultimately grounded in non-federal activities that predate those management decisions." *Kane County*, 597 F.3d at 1135 (quotations and citation omitted). The same reasoning applies here.

*2. SUWA's Conservation Interests*

SUWA also contends that its particularized interests are such that the United States may not adequately represent them. At times, the United States must represent both the interests of the public and an applicant's particular private interest. *Utah Ass'n of Counties*, 255 F.3 at 1255. Under such

circumstances, the Tenth Circuit has stated the United States may not be able to adequately represent private interests if the public interest is not coextensive with the private interests. *Id.* The Tenth Circuit also has stated, however, "that representation is *adequate* when the objective of the applicant for intervention is identical to that of one of the parties."[1] *Ozarks*, 79 F.3d at 1042 (emphasis in original).

In this case, the United States and SUWA have a single objective, which is to defeat the State and county claims to title. The United States is the owner of property over which the alleged R.S. 2477 roads traverse and has committed itself to defending the claims asserted under the Road Cases. The United States' interest in defending title envelops SUWA's corresponding interest to have the United States retain title so roadless areas can be maintained and expanded. Because the United States and SUWA are aligned on the single objective of this case, a presumption exists that representation is adequate. *San Juan County*, 503 F.3d at 1204 (citing *Ozarks*, 79 F.3d at 1042) (other citations omitted).

Nevertheless, SUWA contends that because the United States will not ask every question or make every objection it would during depositions,[2] will not offer every piece of evidence SUWA uncovers, and will not make every legal argument SUWA conceives, the United States may not

---

[1] In *San Juan County*, four members of the en banc panel articulated a different standard based on a "nuanced" approach. *San Juan County v. United States*, 503 F.3d 1163, 1227 (10th Cir. 2007) (plurality opinion). That standard, however, was not adopted by the Tenth Circuit, nor was previous case law overruled. The court therefore applies the "single objective" test.

[2] SUWA has moved to file a supplemental exhibit to support its motions to intervene. The court grants the motion to supplement the record. Accordingly, the court has reviewed and considered the supplemental information in reaching its decision.

adequately represent SUWA's interest. As emphasized by the Tenth Circuit in *Ozarks*, the inquiry under Rule 24 is on whether "representation is *adequate*." *Ozarks*, 79 F.3d at 1042 (emphasis in original). This is an important reminder about the standard set by Rule 24.

Simply because the United States may not adhere to the same trial strategy as SUWA does not mean the United States' representation is inadequate. For example, SUWA contends that as amicus curiae in *Kane County (1)*, it made a statute of limitations argument the United States failed to make. While it is true that SUWA made such an argument, the court found the statute of limitations had not run. *See Kane County (1) v. United States*, No. 2:08-cv-315, 2013 U.S. Dist. LEXIS 40419, at *55 (D. Utah Mar. 20, 2013). Moreover, the court noted the United States had asserted the same defense when it initially filed its Answer. *Id.* "After conducting discovery on the issue, however, the United States concluded that none of its actions was sufficient to show an adverse claim against Kane County." *Id.* Hence, the United States had pursued the defense, but then reached the same conclusion as the court   that the defense lacked merit.

The fact that SUWA disagreed with the United States' conclusion and continued to press the argument does not equate to inadequate representation. Indeed, "[a]n attorney is expected to exercise judgment." *Danielson-Holland v. Standley & Assocs., LLC*, No. 12-1021, 2013 U.S. App. LEXIS 4881, at *6 (10th Cir. Mar. 12, 2013) (citation omitted). Rather than multiplying the proceedings, "[a]n attorney must regularly re-evaluate the merits of claims and avoid prolonging meritless claims." *Id.* (quotations and citation omitted). The United States did just that in *Kane County (1)*; and the court will not use such actions as a basis to find inadequate representation.

*(3) Specialized Knowledge or Expertise*

Finally, SUWA contends it has specialized knowledge. Representation may be inadequate "when the applicant for intervention has expertise the government may not have." *Utah Ass'n of Counties*, 255 F.3d at 1255. SUWA contends it has proprietary information available only to it due to its extensive field work, particularly between 1995 and 2001. It has "reports and descriptions from site visits, maps, and thousands of photographs, all of which has been cataloged and organized." Reply Mem. in Supp. Mot. to Intervene, 12 (Dkt. No. 41 in Case No. 2:12-cv-471). At the hearing on these motions, SUWA further stated its work will show what the road conditions were twenty years ago. Hearing Tr., at 22 23 (Dkt. No. 93 in Case No. 2:11-cv-1045).

Proprietary information means more than gathering documents available in the public domain. Moreover, visiting a site and taking photographs between 1995 and 2001 does not inform the court whether a road was created by public use prior to 1976. While such information may be relevant to show the geographic nature of the road, it will not aid the court in determining whether title vested in the State or counties prior to 1976. Finally, to the extent SUWA had interviewed witnesses, it has failed to articulate why such witnesses are not also available to the United States. Accordingly, SUWA has failed to demonstrate that it has an expertise the United States lacks for the time period at issue in this case.

For the reasons stated above, the court concludes the United States will adequately represent SUWA's interest. It therefore denies intervention as of right.

## II. PERMISSIVE INTERVENTION

Alternatively, SUWA moves for permissive intervention pursuant to Rule 24(b) of the

Federal Rules of Civil Procedure. Unlike intervention as of right, "permissive intervention is a matter within the sound discretion of the district court." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (citation omitted). "To permissively intervene, a party need not have a direct personal or pecuniary interest in the subject of the litigation." *San Juan County*, 503 F.3d at 1207. Instead, the court has discretion to allow an applicant to intervene if it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Tenth Circuit has stated, "the words 'claim or defense,'' as they appear in Rule 24(b), should not be strictly interpreted so as to preclude permissive intervention." *City of Herriman v. Bell*, 590 F.3d 1176, 1184 (10th Cir. 2010) (citation omitted). SUWA's defenses align with the United States in this matter.

Next, when "exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Already, the court has entered an extensive case management order due to the complexity of the cases. If SUWA were allowed to intervene, without strict limitations, the court concludes this case would become "fruitlessly complex or unending," to the prejudice of the parties. *See Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 20 (D.D.C. 2010). "It is undisputed," however, that limitations "may be attached to a grant of permissive intervention." *Beauregard, Inc. v. Sword Servs. LLC*, 107 F.3d 351, 353 n.2 (5th Cir. 1997) (citing *United Nuclear Corp.*, 905 F.3d at 1427) (other citations omitted); *see also Eng v. Coughlin*, 865 F.2d 521, 522 (2d Cir. 1989) (denying interlocutory appeal although the applicant was permitted "leave to intervene only to the extent necessary to challenge the discovery" of certain records). Accordingly, the court grants SUWA's motion for permission

intervention, but its participation is subject to the following conditions.

**A. Discovery**

The parties shall produce a copy of all discovery to SUWA. SUWA may attend depositions in the Road Cases. If an original party fails to make an objection that is necessary to preserve it for trial or to correct the form of a question, SUWA may make the objection during the deposition, but SUWA does not have the right to examine witnesses noticed by the other parties.

If SUWA identifies a witness whose deposition needs to be preserved, and an original party has not noticed the person's deposition, SUWA may move the court for leave to depose the witness. The motion shall include the reason why a preservation deposition is necessary and what steps were taken to resolve the issue with the original parties.

Finally, SUWA may, to the extent not duplicative of discovery by other parties, issue reasonable subpoenas to third parties to obtain documents of interest to the respective Road Cases.

**B. Claims, Defenses, and Memoranda**

SUWA is prohibited from asserting new claims, cross-claims, counterclaims, or defenses in the Road Cases. Moreover, SUWA may not, without leave of court, file any motion not expressly allowed by this order.[3] It also may not file an opposition memorandum unless it has conferred with the United States and received its consent to present an argument not made by the United States. Such arguments shall be limited in scope to the existing claims or defenses in the case.

---

[3] The one exception to this limitation is that SUWA may file a motion requesting leave to file a motion.

**C. Settlement**

Should the original parties engage in settlement discussions, SUWA is not granted the right to participate in such negotiations unless the parties mutually agree to SUWA's participation. SUWA may file an objection with the court, however, to any settlement proposed by the original parties. Again, the objection shall be limited in scope to the existing claims or defenses in the case.

**D. Trial**

If the original parties have not designated a witness that SUWA believes should be called at trial, SUWA may seek leave, from the judge presiding over the trial, to designate that witness. SUWA shall proffer the testimony it anticipates the witness would provide and explain why it is necessary to the case. If the witness is allowed to testify, SUWA may examine the witness at trial. SUWA also may cross-exam at trial any witness of the State or counties to the extent such cross-examination is not duplicative.

**E. Other Items**

If during the course of litigation, an issue arises about the scope of SUWA's intervention, and the parties are unable to resolve the issue, SUWA or the parties may seek clarification of this order from the court.

**CONCLUSION**

For the reasons stated above, the court GRANTS IN PART and DENIES IN PART SUWA'S motions to intervene.[4] The court DENIES SUWA's motions to intervene as of right. The court

[4] The six motions to intervene at issue in this order are:

1. Dkt. No. 16 in Case No. 2:12-cv-452;
2. Dkt. No. 15 in Case No. 2:12-cv-471;

GRANTS SUWA's motions to intervene permissively, but limits its participation to the areas stated above.

The court further GRANTS SUWA's motions for leave to file a supplemental exhibit.[5]

DATED this 12th day of June, 2013.

BY THE COURT:

Clark Waddoups
United States District Judge

---

3. Dkt. Nos. 26 and 71 in consolidated Case No. 2:11-cv-1045;
4. Dkt. No. 18 in Case No. 2:12-cv-461; and
5. Dkt. No. 18 in Case No. 2:12-cv-434.

[5] The five motions for leave to file a supplemental exhibit at issue in this order are:

1. Dkt. No. 69 in Case No. 2:12-cv-452;
2. Dkt. No. 60 in Case No. 2:12-cv-471;
3. Dkt. No. 95 in Case No. 2:11-cv-1045;
4. Dkt. No. 53 in Case No. 2:12-cv-461; and
5. Dkt. No. 57 in Case No. 2:12-cv-434.